IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DILLON SHADLE
*also known as* Riley Nicole Shadle,

     Petitioner,

  vs.

STATE OF NEBRASKA,

     Respondent.

**8:16CV494**

**MEMORANDUM
AND ORDER**

   This matter is before the court on preliminary review of Petitioner Dillon Shadle's Petition for Writ of Habeas Corpus (Filing No. 1) brought pursuant to 28 U.S.C. § 2254. The court notes that Petitioner filed a previous Petition for Writ of Habeas Corpus. *See Dillon Andrew Shadle v. State of Nebraska*, 8:16CV186 (D. Neb.). Because the court dismissed Petitioner's first habeas petition without prejudice and did not adjudicate any of Petitioner's claims on the merits, the court will not treat the current habeas petition as a "second or successive."[1]

   Accordingly, the purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

   Claim One:   Petitioner was not guilty of the offenses because of mental disease or defect, specifically his recent diagnosis of Gender Identity Disorder.

---

[1] *See similarly, U.S. v. Sellner*, 773 F.3d 927 (8th Cir. 2014) (petitioner's November § 2255 motion should not have been dismissed as "second or successive" because her July § 2255 motion had not been adjudicated on the merits or dismissed with prejudice).

Claim Two:       Petitioner was denied effective assistance of counsel *because* trial counsel did not raise the issue of his competency and that he should have been found not guilty because of mental defect.

Claim Three:     Petitioner was denied effective assistance of counsel *because* trial counsel failed to raise his mental health and past sexual abuse as mitigating circumstances for his convictions and sentences.

Claim Four:      Petitioner's sentences are excessive.

Claim Five:      The victim's evidence was inadmissible against Petitioner *because* it was not corroborated by other evidence.

Claim Six:       Petitioner's privilege against self-incrimination was violated *because* he was interrogated after he invoked his right to counsel and before counsel was made available and, therefore, all evidence seized thereafter from his vehicle was inadmissible.

Claim Seven:     Petitioner was denied effective assistance of counsel *because* trial counsel failed to object to the introduction of the illegally seized evidence and to it being considered at sentencing.

Claim Eight:     Petitioner was denied effective assistance of counsel *because* trial counsel did not allow him to review the presentence report.

Claim Nine:    Petitioner was denied effective assistance of counsel *because* counsel did not raise on direct appeal "the issue of disproportionate sentences for acts arising from the same criminal act and receiving maximum or sentences approaching the maximum on separate charged counts arising from the same or the continuation of the same criminal act."

Claim Ten:    Petitioner's pleas were not entered knowingly, intelligently, and voluntarily *because* of his medication.

Claim Eleven:    Petitioner was denied effective assistance of counsel *because* trial counsel failed to raise that his pleas were not entered knowingly, intelligently, and voluntarily due to his medication.

Claim Twelve:    Petitioner's Fourth Amendment right to be free from unreasonable search and seizure was violated when his vehicle was searched without a warrant and without consent.

Claim Thirteen:    Petitioner was denied due process when the judge at his preliminary hearing was a former prosecutor who previously prosecuted him.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.    Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.    The clerk of the court is directed to mail copies of this Memorandum and Order and the habeas corpus petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3.    By **March 31, 2017**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 31, 2017**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

      A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

      B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

4

C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not  submit other documents unless  directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5

5.  If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.  By **March 31, 2017**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.  No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.,* Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth

the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 30, 2017**: check for Respondent's answer and separate brief.

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 14th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge