IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DILLON SHADLE,
*also known as* Riley Nicole Shadle,

              Petitioner,

    vs.

SCOTT FRAKES,

              Respondent.

**8:16CV494**

**MEMORANDUM
AND ORDER**

    This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 11.) Respondent argues Petitioner Dillon Shadle's ("Shadle") Petition for Writ of Habeas Corpus ("habeas petition") (Filing No. 1) must be dismissed because his claims are procedurally defaulted. The court agrees and will dismiss the habeas petition with prejudice.

## I. BACKGROUND

### A. Convictions and Direct Appeal

    Shadle was convicted of first degree sexual assault of a child, two counts of visual depiction of sexually explicit conduct, and possession of child pornography, following his guilty pleas in the Sarpy County District Court on October 27, 2014. (Filing No. 12-3 at CM/ECF pp. 25-26.) The state district court sentenced Shadle to consecutive sentences of 30 to 50 years' imprisonment for first degree sexual assault of a child, 3 to 6 years' imprisonment for each count of visual depiction of sexually explicit conduct, and 4 years' imprisonment for possession of child pornography. (*Id*. at CM/ECF pp. 27-29.) On November 25, 2015, the Nebraska Court of Appeals affirmed Shadle's convictions and sentences on direct appeal. (Filing No. 12-2 at CM/ECF p. 3.) Shadle's sole assignment of error on direct

appeal was that the state district court imposed upon him excessive sentences. (Filing No. 12-4 at CM/ECF p. 7.) Shadle did not petition the Nebraska Supreme Court for further review. (Filing No. 12-2 at CM/ECF p. 3.) The mandate issued on January 6, 2016. (*Id*.)

## B.  Postconviction

Shadle did not file a motion for postconviction relief in the state district court. (*See* Filing No. 12-1.)

## C.  Habeas Petition

Shadle filed his habeas petition (Filing No. 1) in this court on November 1, 2016. Thereafter, Respondent moved for summary judgment (Filing No. 11), arguing Shadle's claims are procedurally defaulted (Filing No. 13). Shadle filed various documents in response. (Filing Nos. 19-21.)[1] Respondent filed a Notice of Case Submission. (Filing No. 23.) This matter is fully submitted for disposition.

## II.  ANALYSIS

## A.    Exhaustion Requirement

As set forth in 28 U.S.C. § 2254:

(b)(1)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

---

[1] These documents are a motion to appoint counsel, a motion for leave to proceed in forma pauperis, and a "Motion to Proceed with Postconviction," in which Shadle argues that his sentences are excessive. All of these documents are captioned "In the District Court of Sarpy County, Nebraska" but with the case number of this matter.

> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
>
>        (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Id.* at 456 n.1. Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances,

when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n.1.

## B. Shadle's Claims

The court agrees with Respondent that Shadle's claims, to the extent they are cognizable in federal court, are procedurally defaulted. The court construed Petitioner's habeas petition to set forth 13 separate claims. (Filing No. 8.) Shadle presented only Claim Four – that his sentences are excessive – on direct appeal to the Nebraska Court of Appeals. However, because Shadle did not petition the Nebraska Supreme Court for further review and cannot now present it in a motion for postconviction relief, Claim Four is procedurally defaulted. All other claims are procedurally defaulted because Shadle could have presented them on direct appeal or in a motion for postconviction relief, and for those claims that Shadle could have presented in a motion for postconviction relief, he had until January 6, 2017, to file a motion for postconviction relief in state district court. *See* Neb. Rev. Stat. § 29-3001(4)(a); *State v. Huggins*, 866 N.W.2d 80 (Neb. 2015). Shadle has not demonstrated cause and prejudice to excuse the default of his claims.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Shadle has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.    Respondent's Motion for Summary Judgment (Filing No. 11) is granted.

2.    Petitioner's habeas petition is dismissed with prejudice because his claims are procedurally defaulted.

3.    Petitioner's motion to appoint counsel (Filing No. 19) and motion to proceed in forma pauperis (Filing No. 20) are denied as moot.

4.    The court will not issue a certificate of appealability in this matter.

5.    The court will enter a separate judgment in accordance with this Memorandum and Order.

Dated this 20th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge